Mr. Justice James
delivered the opinion of the court:
This is an application for a writ of habeas corpus, on the ground that the day set by the Criminal Court for the execution of the prisoner has passed, and that this court had no power to set another day when it postponed the execution.
In Schrub vs. Berggren, 143 U. S., 451, and in Holden vs. Minnesota, 137 U. S., 495, the Supreme Court held that the time and place of execution of a sentence of death were not parts of the judgment or sentence, unless made so by statute. It is unnecessary to refer to any other authority, but it may be added that a more explanatory statement of that rule was made by Chief Justice Parker in Howard, ex parte, 17 N. H., 548. “The judgment of the court,” he said, “consists of the sentence of death. With it is an order designating the time when the sentence is to be carried into execution. The order is not, strictly speaking, a part of the judgment, although usually entered with it.”
It is not denied on the part of the prisoner, that this is the rule at common law, but it is claimed that in this District the time of execution has been made a part of the sentence by Statute. We are referred to section 845 of the R. S. D. C., which is in the following words:
*574 “To enable any person convicted by the judgment of the court to apply for a writ of error, in. all cases when the judgment shall be death, or confinement in the penitentiary, the court shall, on application of the party accused, postpone the final execution thereof to a reasonable time beyond the next term of the court, not exceeding in any case thirty days after the end of such term. ’ ’ This section was taken from section 6 of the Act of July 7, 1838, 5 Statute at Targe, 307, which was passed before the establishment of this court. As the language of the revision is uncertain in reference to the court beyond whose next term.the execution was to be postponed, we recur to the original statute which was in the following words: “Sec, 6. * * * That, to enable a person convicted by the judgment of the said Criminal Court to apply for a writ of error, in all cases when the judgment sháll be death, or confinement in the penitentiary, the said criminal court shall, on application of the party accused, postpone the final execution thereof to a reasonable time beyond the next term of said circuit court, not exceeding in any case thirty days after the end of such term of the circuit court.”
We understand the contention, on the part of the prisoner, to be that the time fixed by this postponement is to be regarded as a time fixed by statute for the execution, and that the power of the court to set a day for execution is exhausted when such action is had;
Before we consider the effect of this provision on the power of the criminal court to meet the exigencies of a case by setting a new day, it may be remarked that it illustrates perfectly the distinction between the sentence of death'and the order fixing the time for carrying that sentence into execution. This very statute makes them separate in the case provided for. The writ of error would be taken, of course, to a judgment. Thus it was contemplated that there should first be a judgment or sentence of death or imprisonment, and then an application by the accused for a subsequent and separate order fixing a time for execution.
The contention that this setting of a postponed day constituted an absolute fixing of the time of execution, and ex *575 hausted the power of the court in the matter of fixing the time, would be maintainable only on the theory that it was the intent of this statute to dispose of the whole subject of the power of the court in reference to setting a time for execution, and that whatever was not included in this statement of power was excluded. The answer to such a contention is that the subject matter dealt with in this provision was not the powers of the court at all; it related simply to a right of the accused in a particular instance; that is, his right to a postponement of the time of executing his sentence in case he should apply for it in order to have a review of alleged error. With the exception of this restriction in the matter of fixing a day for execution, the power of the court was not made the subject of legislation, but was left.as it had been at common law. The whole effect of the statute was to declare that, in case of k an application, for the purpose of obtaining a review on error, the day of execution should not be set so as to cut off the opportunity for review and possible reversal.
The prisoner’s contention that this proceeding exhausts the power to set a day may be tested in this way: If it should happen that a case should not be disposed of on the review before the expiration of the postponed time, the result of this contention would be that execution could not be carried out, even if the sentence should be affirmed; and then that the operation of the processes of the law would defeat the execution of the law. This result would follow if this statute cuts off the power to set a new day when the time first set has elapsed.' The unreasonableness of such a result shows that this statute was not intended to cut off the power to set a new day in case it should be necessary.
The question, then, is what was the power of the court by the common law? On this question we refer again to the opinion already cited. “There may be,” said Chief Justice Parker, 1 ‘a failure to execute the order at the time prescribed, from various causes — providential occurrences, riots, wilful default of the sheriff. Neither of these can operate as a pardon, or give the prisoner a right to be discharged. The sentence still remains in force. If it has been stayed by a *576 reprieve, it is to be executed at the end of the time specified in the reprieve. * * * If from these or any other causes the time prescribed for execution has passed, the court must make a new order, if no other disposition has been made of the case.” 17 N. H., 548.
It is not material to consider whether the postponement ordered by this court pending the review amounted to an affirmative appointment of a day for execution, and whether this court had power to fix a day. It is enough that such a power still exists somewhere. We hold that the Criminal Court has ample power to make such an order. It follows that the petitioner is not entitled to a discharge

The application for a writ of habeas corpus is therefore denied.